UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STANT USA CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:13-cv-1908 |
| | ) |
| BRIGGS & STRATTON CORPORATION, | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## **COMPLAINT**

For its Complaint against Briggs & Stratton Corporation ("Briggs"), the plaintiff, Stant USA Corp. ("Stant"), alleges as follows:

### **PARTIES AND JURISDICTION**

1. Stant is a corporation organized under the laws of the State of Delaware and has its principal place of business at 1620 Columbia Avenue, Connersville, Indiana 47331.

2. Upon information and belief, defendant Briggs is a corporation organized under the laws of the State of Wisconsin and has its principal place of business at 12301 West Wirth Street, Wauwatosa, Wisconsin 53222.

3. This action involves claims arising under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, 283, 284 and 285.

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over the defendant at least because Briggs has introduced infringing products into the stream of commerce in the United States, knowing such

products would reach Indiana, and has introduced a substantial volume of other products into the stream of commerce knowing that such products would reach Indiana.

6. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

## THE BUSINESS OF STANT

7. Stant manufactures and sells, among other things, fuel caps for use as original equipment by automotive manufacturers and other manufacturers, including small engine manufacturers ("OEMs") and for use as replacement parts in the aftermarket.

8. In 2004, Stant employees met with Briggs employees at Briggs's facilities and disclosed to the Briggs employees a fuel cap for use on a lawn mower or other small engine that incorporated carbon to filter the fuel vapor before it escaped to the atmosphere.

9. On July 21, 2004, Stant filed U.S. provisional patent application no. 60/589,761 directed to an evaporative emissions control fuel cap. On July 19, 2005, Stant filed U.S. utility patent application no. 11/184,474 also directed to an evaporative emissions control fuel cap. The caps disclosed in these applications are similar to the caps disclosed to Briggs in 2004. Based on these applications, the U.S. Patent and Trademark Office ("PTO") issued U.S. Patent No. 7,261,093 ("the '093 patent"), entitled "Evaporative Emissions Control Fuel Cap" to inventors J. Bradley Groom, Yip Cheung Kwok, and Michael S. Brock on August 28, 2007. The '093 patent is now owned by Stant, having been acquired, along with other assets, from Stant Manufacturing, Inc.

10. A true and accurate copy of the '093 and patent is attached to this Complaint as Exhibit A.

## BRIGGS'S ACTIVITIES

11. Briggs holds itself out as "the world's largest producer of gasoline engines for

2

outdoor power equipment" and has annual revenues in excess of $2 billion.

12. Among other things, Briggs has made, used, sold and/or offered for sale lawn mower engines that include a fuel cap that incorporates carbon particles to control evaporative emissions, including at least such fuel caps with part numbers 591003, 796577, and 799719 ("the Briggs Fuel Caps").

13. At least the Briggs Fuel Caps embody the patented inventions of and infringe at least claims 1 and 22 of the '093 patent.

14. At least one of the Briggs Fuel Caps appears to be an embodiment of one of the caps shown in Briggs's U.S. Patent No. 8,096,438 ("the Briggs '438 patent"). Briggs filed the application which led to the Briggs '438 patent on June 3, 2008, long after Stant had filed the applications which led to the '093 patent. Of course, as a matter of law, the fact that one or more of the Briggs Fuel Caps may be covered by a patent does not mean that the Briggs Fuel Caps do not infringe Stant's earlier '093 patent.

15. Further, the named inventors on the Briggs '438 patent include Jacob Schmalz, John Gulke, and Peter D. Shears. At least two of these named inventors participated in the meeting during which Stant disclosed its design to Briggs.

16. During the prosecution of the Briggs '438 patent, Briggs listed the '093 patent on an Information Disclosure Statement filed with the PTO on or about September 15, 2008, establishing that Briggs had knowledge of the '093 patent at least as of that date, if not before.

17. Briggs's infringement of Stant's '093 patent has been and continues to be willful.

18. Briggs will continue to infringe the '093 patent unless restrained and enjoined by this Court.

## THE HARM TO STANT

19. Briggs has, by such willfully infringing conduct, caused Stant past damages and also will cause Stant irreparable harm for which there is no adequate remedy at law.

20. Briggs's willful infringement makes this an exceptional case as that term is defined in 35 U.S.C. § 285.

WHEREFORE, Stant prays that this Court:

1. Permanently enjoin Briggs and its officers, agents, servants, employees and attorneys, and those in active concert or participation with them who receive actual notice of the order, from making, using, selling and/or offering for sale devices, including but not limited to the Briggs Fuel Caps, which infringe the '093 patent.

2. Issue an order directing Briggs and its officers, agents, servants, employees and attorneys, and those in active concert and participation with them who receive actual notice of the order, to destroy all molds, machines, tooling or other equipment used in the manufacture of the Briggs Fuel Caps and any other items infringing the '093 patent.

3. Award Stant monetary damages adequate to compensate Stant for any and all infringement at least to and including the date of judgment, consistent with 35 U.S.C. § 284, up to and including treble the amount of actual damages assessed, together with costs and prejudgment interest.

4. Award Stant its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

5. Grant and award any and all relief found necessary and proper under the circumstances.

## JURY DEMAND

Stant requests a trial by jury on its claims.

Respectfully submitted,


*s/ Lynn C. Tyler*
Lynn C. Tyler (2205-71)
Aaron M. Staser (25111-82)
Michael R. Brunelle (27759-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433

Attorneys for Plaintiff,
Stant USA Corp.

INDS02 LCT 1293828v1